## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NANOSTRING TECHNOLOGIES, INC., | Case No. 24-10160 (___) |
| Debtor. | Tax ID: 20-0094687 |
| In re: | Chapter 11 |
| NANOSTRING TECHNOLOGIES INTERNATIONAL, INC., | Case No. 24-10161 (___) |
| Debtor. | Tax ID: 35-2582723 |
| In re: | Chapter 11 |
| NANOSTRING TECHNOLOGIES GERMANY GMBH, | Case No. 24-10163 (___) |
| Debtor. | Tax ID: N/A |
| In re: | Chapter 11 |
| NANOSTRING TECHNOLOGIES NETHERLANDS B.V., | Case No. 24-10162 (___) |
| Debtor. | Tax ID: N/A |

## DEBTORS' MOTION FOR ORDER AUTHORIZING
## JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), authorizing the joint administration of the Debtors' chapter 11 cases. In support of the Motion, the Debtors rely upon and incorporate by

reference the *Declaration of R. Bradley Gray in Support of Chapter 11 Petitions and First Day Pleadings* (the "<u>First Day Declaration</u>"),[1] filed contemporaneously herewith.  In further support of this Motion, the Debtors respectfully state as follows:

<u>**JURISDICTION AND VENUE**</u>

1.       The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.       Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The statutory and legal predicates for the relief sought herein are Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Local Rule 1015-1.

<u>**BACKGROUND**</u>

4.       On February 4, 2024 (the "<u>Petition Date</u>"), each of the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code (the "<u>Chapter 11 Cases</u>") in the Court.  The Debtors are authorized to operate their business and manage their properties as debtors and debtors

---

[1]     Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the First Day Declaration.

in possession pursuant to sections 1107(a) and 1108 of title 11 of the United States Code, 11 U.S.C.

§§ 101-1523 (the "Bankruptcy Code").

5.      No official committee has been appointed in these Chapter 11 Cases, and no request

has been made for the appointment of a trustee or an examiner.

6.      Additional information regarding the Debtors' business, capital structure, and the

circumstances leading to the filing of these Chapter 11 Cases is set forth in the First Day

Declaration.

## RELIEF REQUESTED

7.      By the Motion, the Debtors seek entry of the Proposed Order, pursuant to

Bankruptcy Rule 1015(b), directing the consolidation of these Chapter 11 Cases for procedural

purposes only.

8.      The Debtors also request that one file and one docket be maintained for all of the

jointly administered cases under the lead case of NanoString Technologies, Inc. In addition, the

Debtors propose that all pleadings relating to the Debtors' cases contain the following joint

caption:

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NANOSTRING TECHNOLOGIES, INC. *et al.*,[1] | Case No. 24- 10160 (___) |
| Debtors. | (Jointly Administered) |

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are NanoString Technologies, Inc. (4687), NanoString Technologies International, Inc. (2723), NanoString Technologies Netherlands B.V., and NanoString Technologies Germany GmbH.  The Debtors' headquarters is located at 530 Fairview Avenue North, Suite 2000, Seattle, WA 98109.

9.      The Debtors further request that all original pleadings be captioned as indicated in the preceding paragraph, that all original docket entries are made in the case of NanoString Technologies, Inc., Case No. 24-10160 (___) and that a docket entry be made in the other Debtors' Chapter 11 Cases substantially as follows:

> An order has been entered in this case in accordance with Bankruptcy Rule 1015(b) directing the procedural consolidation and joint administration of the chapter 11 cases of NanoString Technologies, Inc. The docket in the chapter 11 case of NanoString Technologies, Inc., Case No. 24-10160 (___), should be consulted for all matters affecting these cases.

**BASIS FOR RELIEF REQUESTED**

10.     Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the [C]ourt may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  Local Rule 1015-1 similarly provides for joint administration of chapter 11 cases when the facts demonstrate that joint administration "is warranted and will ease the administrative burden for the Court and the parties."  Del. Bankr. L.R. 1015-1.  In these Chapter 11 Cases, all of the Debtors are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code, of NanoString Technologies, Inc.  Accordingly, the joint administration of the Debtors' respective estates is warranted and will ease the administrative burden on the Court and all parties in interest in these Chapter 11 Cases.

11.     Joint administration will also permit the Clerk of the Court to utilize a single docket for all of these Chapter 11 Cases, and to combine notices to creditors and other parties in interest in the Debtors' respective cases.  Because there will likely be numerous motions, applications, and other pleadings filed in these Chapter 11 Cases that will affect all of the Debtors, joint administration will permit counsel for all parties in interest to include all of the Debtors' cases in a single caption for the numerous documents that are likely to be filed and served in these Chapter

11 Cases. Joint administration will also enable parties in interest in all of the Debtors' cases to stay apprised of all the various matters before the Court.

12. Joint administration will not prejudice or adversely affect the rights of the Debtors' creditors because the relief sought herein is purely procedural and is not intended to affect substantive rights. Joint administration will also significantly reduce the volume of paper that otherwise would be filed with the Clerk of the Court, render the completion of various administrative tasks less costly, and provide for greater efficiencies. Moreover, the relief requested by this Motion will also simplify supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").

13. For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, and creditors, and, therefore, should be granted.

## NOTICE

14. Notice of this Motion has been or will be provided to: (i) the U.S. Trustee; (ii) the United States Attorney's Office for the District of Delaware; (iii) those creditors holding the thirty (30) largest unsecured claims against the Debtors' estates; (iv) counsel to the Prepetition 2025 Note Trustee and the Prepetition Trustee and Collateral Agent; (v) counsel to the DIP Agent; (vi) counsel to the DIP Lenders; (vii) the Internal Revenue Service; and (viii) the United States Securities and Exchange Commission. The Debtors will serve copies of this Motion and an order entered in respect of this Motion as required by Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary. No previous motion for the relief sought herein has been made to this Court or any other court.

## <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, directing the joint administration of these Chapter 11 Cases, and (ii) grant such other and further relief as may be just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: February 5, 2024
         Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Kristin L. McElroy*
Edmon L. Morton (Del. No. 3856)
Matthew B. Lunn (Del. No. 3526)
Heather P. Smillie (Del. No. 6923)
Kristin L. McElroy (Del. No. 6871)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
emorton@ycst.com
mlunn@ycst.com
hsmillie@ycst.com
kmcelroy@ycst.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (*pro hac vice* pending)
Debra M. Sinclair (*pro hac vice* pending)
Betsy L. Feldman (Del. No. 6410)
Jessica D. Graber (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
rstrickland@willkie.com
dsinclair@willkie.com
bfeldman@willkie.com
jgraber@willkie.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

**<u>EXHIBIT A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NANOSTRING TECHNOLOGIES, INC.,<br><br>      Debtor. | Chapter 11<br><br>Case No. 24-10160 (___)<br><br>Tax ID: 20-0094687 |
| In re:<br><br>NANOSTRING TECHNOLOGIES<br>INTERNATIONAL, INC.,<br><br>      Debtor. | Chapter 11<br><br>Case No. 24-10161 (___)<br><br>Tax ID: 35-2582723 |
| In re:<br><br>NANOSTRING TECHNOLOGIES<br>GERMANY GMBH,<br><br>      Debtor. | Chapter 11<br><br>Case No. 24-10163 (___)<br><br>Tax ID: N/A |
| In re:<br><br>NANOSTRING TECHNOLOGIES<br>NETHERLANDS B.V.,<br><br>      Debtor. | Chapter 11<br><br>Case No. 24-10162 (___)<br><br>Tax ID: N/A |

**ORDER AUTHORIZING JOINT**
**ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

Upon the motion (the "Motion")[1] of the debtors and debtors in possession in the above-

captioned cases (collectively, the "Debtors") for entry of an order, pursuant to section 105(a) of

the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1, authorizing the joint

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

administration of the Debtors' Chapter 11 Cases; and upon consideration of the Motion and all of the pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having determined that venue of these Chapter 11 Cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the record of the hearing held on the Motion; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates and their creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED to the extent set forth herein.

2.      The Chapter 11 Cases shall be consolidated for procedural purposes only and shall be jointly administered in accordance with the provisions of Bankruptcy Rule 1015 and Local Rule 1015-1.

3.      The Clerk of this Court shall maintain one file and one docket for all of the Chapter 11 Cases, which file and docket shall be the file and docket for the Chapter 11 Case of Debtor NanoString Technologies, Inc., Case No. 24-10160 (____).

4.      All pleadings filed in these Chapter 11 Cases shall bear a consolidated caption in the following form:

2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NANOSTRING TECHNOLOGIES, INC.,<br>*et al.*,[1]<br><br>     Debtors. | Chapter 11<br><br>Case No. 24-10160 (___)<br><br>(Jointly Administered) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal identification numbers, to the extent applicable, are NanoString Technologies, Inc. (4687), NanoString Technologies International, Inc. (2723), NanoString Technologies Netherlands B.V., and NanoString Technologies Germany GmbH.  The Debtors' headquarters is located at 530 Fairview Avenue North, Suite 2000, Seattle, WA 98109.

   5.  All original pleadings shall be captioned as indicated in paragraph 4 and the Clerk of this Court shall make docket entries in the docket of each of these Chapter 11 Cases, other than the Chapter 11 Case of NanoString Technologies, Inc., substantially as follows:

> An order has been entered in this case in accordance with Bankruptcy Rule 1015(b) directing the procedural consolidation and joint administration of the chapter 11 cases of NanoString Technologies, Inc.  The docket in the chapter 11 case of NanoString Technologies, Inc., Case No. 24-10160 (___), should be consulted for all matters affecting these cases.

   6.  Nothing in the Motion or this Order is intended or shall be deemed or otherwise construed as directing or otherwise effecting a substantive consolidation of the Debtors' estates.

   7.  This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.