IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NANOSTRING TECHNOLOGIES, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-10160 (CTG)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 270** |

**DECLARATION OF JOHN CESARZ
IN SUPPORT OF THE DEBTORS' MOTION FOR ENTRY OF ORDERS
(I) (A) APPROVING BIDDING PROCEDURES FOR THE
SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS,
(B) AUTHORIZING THE DEBTORS TO ENTER INTO THE STALKING HORSE
PURCHASE AGREEMENT AND TO PROVIDE THE STALKING HORSE
BID PROTECTIONS THEREUNDER, (C) SCHEDULING AN AUCTION
AND A SALE HEARING AND APPROVING THE FORM AND MANNER
OF NOTICE THEREOF, (D) APPROVING ASSUMPTION AND ASSIGNMENT
PROCEDURES, AND (E) GRANTING RELATED RELIEF; AND
(II) (A) APPROVING THE SALE OF THE DEBTORS' ASSETS FREE AND CLEAR
OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B) APPROVING
THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, AND (C) GRANTING RELATED RELIEF**

I, John Cesarz, hereby declare under penalty of perjury as follows:

1.      I am a Partner at Perella Weinberg Partners LP (together with its corporate advisory affiliates, "PWP"), which has its principal office at 767 Fifth Avenue, New York, NY 10153. PWP is part of a global financial services firm that provides corporate advisory and asset management services. I submit this declaration (the "Cesarz Declaration") in support of the *Debtors' Motion for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Substantially all of the Debtors' Assets, (B) Authorizing the Debtors to Enter Into the Stalking Horse Purchase*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are NanoString Technologies, Inc. (4687), NanoString Technologies International, Inc. (2723), NanoString Technologies Netherlands B.V., and NanoString Technologies Germany GmbH. The Debtors' headquarters is located at 530 Fairview Avenue North, Suite 2000, Seattle, WA 98109.

*Agreement, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof and (F) Granting Related Relief; and (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related Relief* [Docket No. 270] (the "Motion").[2]

2. I am authorized to submit this declaration (this "Declaration") on behalf of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") in support of the relief requested in the Motion.

3. On February 4, 2024, each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, initiating the above-captioned chapter 11 cases (together, the "Chapter 11 Cases").

4. Unless otherwise indicated, all facts set forth in this Declaration are based on (i) my personal knowledge or information that I have received from employees of PWP working directly with me or under my supervision, direction, or control, (ii) information learned from my review of relevant financial and operational data regarding the Debtors, (iii) information received from members of the Debtors' management or other advisors, and (iv) my past experience advising both distressed and non-distressed businesses and companies and their stakeholders. If called upon to testify, I would testify competently to the facts set forth herein.

---

[2] Terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Bidding Procedures Order, as applicable

**PROFESSIONAL BACKGROUND AND QUALIFICATIONS**

5.  PWP is a leading global independent advisory firm that provides strategic and financial advice to clients across a range of the most active industry sectors and international markets, with offices in New York, London, Houston, Calgary, Chicago, Denver, Los Angeles, Munich, Paris, and San Francisco. PWP's corporate advisory practice is focused on providing clients with advice related to mergers and acquisitions and financial restructurings. PWP's mergers and acquisitions practice advises both public and private companies. Its financial restructuring practice works with companies, investors, and other parties in interest in turn-around and distressed situations.

6.  PWP and its professionals have extensive experience working with financially troubled companies across a variety of industries in complex financial restructurings, both out of court and in chapter 11 cases. Major in-court restructurings in which PWP has been involved include: FTX Trading Ltd., Case No. 22-11068 (JTD) (Bankr. D. Del. 2022); Mallinckrodt plc, Case No. 23-11258 (JTD) (Bankr. D. Del. 2023); OSG Group Holdings Inc., Case No. 23-90799 (CML) (Bankr. S.D. Tex. 2023); Quotient Ltd., Case No. 23-90003 (DRJ) (Bankr. S.D. Tex. 2023); Clovis Oncology, Inc., Case No. 22-11292 (JKS) (Bankr. D. Del. 2022); Cineworld Group plc, Case No. 22-90168 (MI) (Bankr. S.D. Tex. 2022); Celsius Network LLC, Case No. 22-10964 (MG) (Bankr. S.D.N.Y. 2022); Talen Energy Supply, LLC, Case No. 22-90054 (MI) (Bankr. S.D. Tex. 2022); TPC Group Inc., Case No. 22-10493 (Bankr. D. Del. 2022); Ion Geophysical Corp., Case No. 22-30987 (MI) (Bankr. S.D. Tex. 2022); Ector County Energy Center LLC, Case No. 22-10320 (JTD) (Bankr. D. Del. 2022); Endo Int'l plc, Case No. 22-22549 (JLG) (Bankr. S.D.N.Y. 2022); Nine Point Energy Holdings, Inc., Case No. 21-10570 (MFW) (Bankr. D. Del. 2021); HighPoint Res. Corp., No. 21-10565 (CSS) (Bankr. D. Del. 2021); Limetree Bay Services, LLC, Case No. 21-32351 (DRJ) (Bankr. S.D. Tex. 2021); Garrett Motion Inc., Case No. 20-12212

(MEW) (Bankr. S.D.N.Y. 2020); California Res. Corp., Case No. 20-33568 (DRJ) (Bankr. S.D. Tex. 2020); Gulfport Energy Corp., Case No. 20-35561 (DRJ) (Bankr. S.D. Tex. 2020); Chesapeake Exploration, LLC, Case No. 20-33239 (DRJ) (Bankr. S.D. Tex. 2020); Diamond Offshore Drilling, Inc., Case No. 20- 32321 (DRJ) (Bankr. S.D. Tex. 2020); Valaris plc, Case No. 20-34114 (MI) (Bankr. S.D. Tex. 2020); Global Eagle Entm't Inc., Case No. 20-11835 (JTD) (Bankr. D. Del. 2020); The Hertz Corp., Case No. 20-11218 (MFW) (Bankr. D. Del. 2020); Avianca Holdings S.A., Case No. 20-11133 (MG) (Bankr. S.D.N.Y. 2020); and LATAM Airlines Grp. S.A., Case No. 20-11254 (Bankr. S.D.N.Y. 2020).  PWP's professionals have also provided services in connection with the out-of-court restructurings of numerous companies, including Algeco Group; Blackhawk Mining; Danaos Corporation; International Automotive Components Group; Del Monte; Highland Therapeutics; Jack Cooper; Key Energy Services; Ligado Networks; Medical Depot Holdings; Pernix Therapeutics; Proserv; Salt Creek Midstream; Savers; SM Energy Company; Sprint Industrial Holdings; Titan Energy; Concordia International Corp.; and WeWork Companies.

7.    I received a Bachelor of Science degree in Accounting with a minor in Finance from Fordham University.  I graduated *magna cum laude*.

8.    I am currently a Partner at PWP's Advisory business, which I joined in September 2016.  I have over 20 years of investment banking and restructuring experience assisting companies on a wide range of strategic matters.  I have advised senior management and boards of directors of companies as well as investors and creditors across a broad range of industries in connection with restructurings, mergers and acquisitions, and financing transactions.  In particular, I have been involved in numerous restructurings, including, without limitation, Alta Mesa Resources, Inc.; BMC Industries, Inc.; Bristow Group, Inc.; Calpine Corporation; Chaparral

Energy, Inc.; Clovis Oncology, Inc; Concordia International Corp.; Dura Automotive Systems; Endo International plc;, Energy Future Holdings; iHeartMedia, Inc.; Jack Cooper Holdings Corp.; Mallinckrodt plc; Nine Point Energy, Quotient Limited; Readers Digest; Remington Outdoor Company; Stallion Oilfield Services; and Sprint Industrial Holdings.

## A SOUND BUSINESS PURPOSE EXISTS FOR THE BIDDING PROCEDURES

9. As set forth in the Motion, the Debtors are seeking approval of the Bidding Procedures to establish a clear and transparent process for the solicitation, receipt, and evaluation of bids on a court-approved timeline that allows the Debtors to timely consummate a sale.

10. I have reviewed the Bidding Procedures. Generally speaking, the Bidding Procedures establish, among other things:

   i. the availability of and access to conduct due diligence by Potential Bidders;

   ii. the deadlines and requirements for submitting competing bids and the method and criteria by which such competing bids are deemed to be "Qualified Bids" sufficient to trigger the Auction, including the terms and conditions that must be satisfied and the deadline that must be met by any bidder to be considered a "Qualified Bidder" and to participate in the Auction;

   iii. the manner in which Qualified Bids will be evaluated by the Debtors;

   iv. the conditions for having the Auction and procedures for conducting the Auction, if any;

   v. the expense reimbursement and break-up fee provided to the Stalking Horse Bidder pursuant to the terms and conditions of the Stalking Horse Purchase Agreement; and

   vi. various other matters relating to the Sale Process generally, including the designation of the Back-Up Bid, return of any good faith deposits, and certain reservations of rights.

11. In addition, the Bidding Procedures propose the following key dates and deadlines:

| Event | Date |
| --- | --- |
| Sale Objection Deadline | 14 days after service of the Sale Notice and Assumption and Assignment Notice, at 4:00 p.m. (ET) |

| Bid Deadline | April 12, 2024 at 5:00 p.m. (ET) |
| --- | --- |
| Auction | April 16, 2024 at 10:00 a.m. (ET) |
| Post-Auction Objection Deadline | April 19, 2024 at 4:00 p.m. (ET) |
| Sale Hearing | April 22, 2024 at 10:00 a.m. (ET), subject to the availability of the Court |

12.     Based on my experience, I believe that the Bidding Procedures are designed to maximize the value received for the Assets by facilitating a fair and competitive bidding process where potential bidders are encouraged to participate and submit competing bids within the specified time frame.  As described in the Motion, the proposed Bid Deadline requires bids for the purchase of the Assets to be delivered no later than April 12, 2024 at 5:00 p.m. (ET).  The Bid Deadline thus provides parties with over four weeks from the filing of the Motion to obtain information and formulate and submit a timely and informed competing bid to purchase some or all of the Assets.

13.     Further, the timeframe set forth in the Bidding Procedures was explicitly required by the Stalking Horse Bidder and a critical negotiating point with respect the Stalking Horse Bid.  Importantly, the Debtors believe that the sale of the Assets must be executed quickly so that such proceeds may be distributed in a timely fashion.

14.     Given the outreach process being undertaken by PWP with respect to a sale of the Assets, the potential for the Stalking Horse Bid to facilitate a fulsome postpetition marketing process, and the Sale Process timeline proposed by the Debtors, it is my view, based on my experience and in light of the circumstances, that the proposed Bidding Procedures and timeline related thereto are reasonable and appropriate under the circumstances.  The Bidding Procedures seek to balance the Debtors' interests in consummating a sale transaction on a reasonable timeline while simultaneously preserving the opportunity to attract the highest or otherwise best offer.  At the Auction, as set forth in the proposed Bidding Procedures, the Debtors will have an opportunity

to consider all competing offers and select the offers that they deem to be the highest or otherwise best offer for the Assets.

15. Time is of the essence for the Debtors. They cannot afford a longer process than the one contemplated by the Bidding Procedures due to the limited liquidity available to them under their postpetition financing facility. In light of their limited runway and their robust prepetition and postpetition marketing process, a longer in-court process is unnecessary and would not be the best use of the Debtors' limited resources.

### THE BID PROTECTIONS FOR THE STALKING HORSE BIDDER ARE FAIR AND REASONABLE

16. As described above, on February 27, 2024, the Debtors entered into arm's-length negotiations with the Stalking Horse Bidder on the terms of the Stalking Horse Bid and Stalking Horse Purchase Agreement. The consideration under the Stalking Horse Purchase Agreement consists of (a) a bid of $220,000,000 for all of the Purchased Assets, plus (b) the assumption of Assumed Liabilities (as defined in the Stalking Horse Purchase Agreement). The Stalking Horse Bidder has expended, and will continue to expend, time and resources negotiating, drafting, and performing due diligence activities necessitated by the sale, despite the fact that its bid will be subject not only to Court approval, but also to overbidding by third parties. I believe the Bid Protections were critically necessary to induce the Stalking Horse Bid.

17. Further, in my experience, the Bid Protections, which are capped at 4.5% of the Purchase Price, are customary, usual, and consistent with bid protections offered to stalking horse parties in similar contexts. I understand that the Bid Protections were vigorously negotiated in good faith and at arm's length between the Debtors and the Stalking Horse Bidder. Based on my understanding, the Bid Protections represent a valid and sound exercise of the Debtors' business judgment and should be approved.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: March 10, 2024　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ John Cesarz*
　　　　　　　　　　　　　　　　　　　　　John Cesarz
　　　　　　　　　　　　　　　　　　　　　Partner
　　　　　　　　　　　　　　　　　　　　　Perella Weinberg Partners LP