# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NANOSTRING TECHNOLOGIES, INC., *et al.*,[1] | Case No. 24-10160 (CTG) |
| Debtors. | (Jointly Administered) |

## SCHEDULES OF ASSETS AND LIABILITIES FOR
## NANOSTRING TECHNOLOGIES NETHERLANDS B.V. (CASE NO. 24-10162)

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are NanoString Technologies, Inc. (4687), NanoString Technologies International, Inc. (2723), NanoString Technologies Netherlands B.V., and NanoString Technologies Germany GmbH.  The Debtors' headquarters is located at 530 Fairview Avenue North, Suite 2000, Seattle, WA 98109.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NANOSTRING TECHNOLOGIES, INC., *et al.*,[1] | Case No. 24-10160 (CTG) |
| Debtors. | (Jointly Administered) |

## GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

## INTRODUCTION

The debtors and debtors in possession (collectively, the "Debtors" or the "Company") in the above-captioned chapter 11 cases (these "Chapter 11 Cases") submit their *Schedules of Assets and Liabilities* (the "Schedules") and *Statements of Financial Affairs* (the "Statements" and, together with the Schedules, the "Schedules and Statements") pursuant to section 521 of the Bankruptcy Code (as defined below) and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

On February 4, 2024 (the "Petition Date"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). These Chapter 11 Cases have been consolidated for procedural purposes only and are being administered jointly under case number 24-10160 (CTG). The Debtors are authorized to operate their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The Schedules and Statements have been prepared by the Debtors' management team, with the assistance of their professional advisors, with reliance upon the efforts, statements, and representations of personnel of the Debtors and the advice of the Debtors' and professional advisors. The Schedules and Statements are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors have used commercially reasonable efforts to ensure the accuracy and completeness of such information and data; however, subsequent information, data, or discovery may result in material changes to the Schedules and Statements and inadvertent errors, omissions, or inaccuracies may exist.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification numbers, to the extent applicable, are NanoString Technologies, Inc. (4687), NanoString Technologies International, Inc. (2723), NanoString Technologies Netherlands B.V., and NanoString Technologies Germany GmbH. The Debtors' headquarters is located at 530 Fairview Avenue North, Suite 2000, Seattle, WA 98109.

The Debtors and their estates reserve all rights to amend or supplement the Schedules and Statements as may be necessary and appropriate, but expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law or order of the Bankruptcy Court.  Nothing contained in the Schedules and Statements or these *Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (these "Global Notes") shall constitute a waiver of any rights of the Debtors and their estates or an admission with respect to these Chapter 11 Cases, including, but not limited to, any issues involving objections to claims, setoff or recoupment, equitable subordination or recharacterization of debt, defenses, characterization or re-characterization of contracts, leases, and claims, assumption or rejection of contracts and leases, and/or causes of action arising under the Bankruptcy Code or any other applicable laws.

The Debtors and their agents, attorneys, and financial advisors shall not be liable for any loss or injury arising out of, or caused in whole or in part by, the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein.  In no event shall the Debtors or their agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

These Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.

## GLOBAL NOTES AND OVERVIEW OF METHODOLOGY

1. **Reservation of Rights.**  The Debtors reserve the right to dispute or to assert setoff or other defenses to any claim reflected in the Schedules and Statements as to amount, liability, and classification.  The Debtors also reserve all rights with respect to the values, amounts, and characterizations of the assets and liabilities listed in their Schedules and Statements.

2. **Basis of Presentation.**  The Schedules and Statements reflect the separate assets and liabilities of each individual Debtor.  For financial reporting purposes, the Debtors historically prepared consolidated financial statements, which included financial information for and the Debtors' business enterprise, which were audited annually.  The majority of the Debtors' operations occur through NanoString Technologies, Inc.

These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to reconcile to the financial statements previously distributed to lenders, major creditors, or various equity holders on an intermittent basis.

The Schedules and Statements have been signed by Tom Bailey, Chief Financial Officer for the Company.  In reviewing and signing the Schedules and Statements, Mr. Bailey

necessarily relied upon the efforts, statements, and representations of the accounting and non-accounting personnel who report to, or work with, Mr. Bailey, either directly or indirectly. Mr. Bailey has not, and could not have, personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

3.    **Insiders.**    In circumstances where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals who the Debtors believe may be included in the definition of "insider" as such term is defined in section 101(31) of the Bankruptcy Code. Except as otherwise disclosed herein or in the Statements, payments to "insiders" are set forth on Statement 4. Persons listed as "insiders" have been included for informational purposes only, and such listing is not intended to be, nor should be construed as, a legal characterization of such person as an insider, nor does it serve as an admission of any fact, claim, right, or defense, and all such claims, rights, and defenses with respect thereto are hereby expressly reserved.

4.    **Accounts Payable and Distribution System.**    The Debtors use a consolidated cash management system through which the Debtors pay substantially all liabilities and expenses (the "Cash Management System"). A more complete description of the Cash Management System is set forth in the *Debtors' Motion for Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Maintain Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Continue to Perform Intercompany Transactions; (II) Waiving Certain Operating Guidelines; (III) Suspending Time to Comply with Section 345(b) of the Bankruptcy Code; and (IV) Granting Related Relief* [D.I. 10] filed on the Petition Date.

5.    **Date of Valuations.**    Except as otherwise noted in the Schedules and Statements, all liabilities are valued as of the Petition Date. Where values as of the Petition Date are not available, or where making calculations as of the Petition Date would create undue expense to the estates, the Debtors used values as of the prior month-end close, January 31, 2024. The Schedules and Statements reflect the Debtors' best effort to allocate the assets, liabilities, receipts, and expenses to the appropriate Debtor entity "as of" such dates. All values are stated in United States currency. The Debtors made reasonable efforts to allocate liabilities between the pre- and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the Debtors may modify the allocation of liabilities between the pre- and postpetition periods and amend the Schedules and Statements accordingly.

6.    **Book Value.**    Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting books and records. Therefore, unless otherwise noted, the Schedules and Statements are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values. It would be cost prohibitive and unduly burdensome to obtain current market valuations of all of the Debtors' interests. Except as otherwise noted, the Debtors' assets are presented, in detail, as they appear on the Debtors' accounting sub-ledgers. As such, the detail may include

error corrections and value adjustments (shown as negative values or multiple line items for an individual asset). The Debtors believe that certain of their assets, including (i) goodwill and (ii) intangibles, may have been significantly impaired by, among other things, the events leading to, and the commencement of, the Debtors' Chapter 11 Cases. The Debtors have not yet formally evaluated the appropriateness of the carrying values ascribed to their assets prior to the Petition Date.

7.  **Property and Equipment.** Owned property and equipment are recorded at cost and are shown net of depreciation. Depreciation is recorded using the straight-line method over the estimated useful lives of the assets, which range from three to ten years for furniture, fixtures, equipment, and software. Leasehold improvements are amortized on the straight-line method over the expected lease term. Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination of the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing arrangement, and whether such lease is unexpired), and the Debtors and their estates reserve all rights with respect to such issues.

8.  **Causes of Action.** The Debtors have made their best efforts to set forth known causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to causes of action they may have (including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws), whether disclosed or not disclosed, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action, or in any way waive, prejudice, impair, or otherwise affect the assertion of such claims and causes of action.

9.  **Litigation.** Certain litigation actions (collectively, the "Litigation Actions") reflected as claims against a particular Debtor may relate to other Debtors. The Debtors made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor(s) that is the party to the Litigation Action. The inclusion of any Litigation Action in the Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action, or the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

10. **Credits and Adjustments.** In the ordinary course of their business, the Debtors apply credits against amounts otherwise due to vendors. These credits arise because, among other things, (a) materials ordered and paid for may not be delivered, (b) materials delivered may be damaged or unusable, (c) the Debtors have entered into co-marketing arrangements with certain vendors, (d) the vendor provided volume rebates and cash discounts; and (e) quantity and/or shipping variances and violations may have occurred. Certain of these credits are subject to change. Claims of vendors and creditors are listed in the amounts entered on the Debtors' books and records, and may not reflect certain credits, allowances, or other adjustments due from such vendors or creditors to the Debtors. The Debtors and their estates reserve all rights with regard to any such credits, allowances, and other adjustments, including, without limitation, the right to assert claims, objections, setoffs, and recoupments with respect to the same.

11. **Executory Contracts and Unexpired Leases.**  The Debtors have not set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.  Rather, executory contracts and unexpired leases have been set forth solely on Schedule G.  The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of rejection damages claims against the Debtors and their estates; however, the Schedules and Statements do not reflect any claims for rejection damages.  The Debtors and their estates reserve all rights with respect to the assertion of any such claims.

12. **Claims.**  Certain of the Debtors' Schedules list creditors and set forth the Debtors' estimate of the claims of creditors as of the Petition Date.  The claim amounts reflected on the Schedules may include the Debtors' estimates for vendor charges not yet invoiced.  By estimating certain invoices, the Debtors are not representing that they have sought to identify and estimate all uninvoiced vendor charges.  While the Debtors have made their best efforts to reflect the claims by vendor, excluding these various adjustments, while including the "vendor credits" discussed above, the actual unpaid claims of creditors that may be allowed in these Chapter 11 Cases may differ from the amounts set forth in the Schedules and Statements.

   The Debtors intentionally have not included "non-cash" accruals (i.e., accruals to recognize expense or liability over multiple periods where no specific obligation to perform is established, such as accruals to equalize lease payments) in the Schedules and Statements.

13. **First Day Orders.**  Pursuant to various "first day" orders and any supplements or amendments to such orders entered by the Bankruptcy Court, the Debtors and their estates are authorized to pay certain prepetition claims, including, without limitation, certain claims relating to employee wages and benefits, claims for taxes and fees, claims of vendors, and claims related to customer programs.

   Employees with claims for paid time off that are not in excess of the statutory cap set forth in section 507(a)(4) of the Bankruptcy Code and are eligible for priority status, if any, are included on Schedule E/F (Priority).

14. **Classifications and Claims Descriptions.**  Any failure to designate a claim listed on a Debtor's Schedule as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that the claim is not "disputed," "contingent," or "unliquidated." Likewise, listing a claim (a) on Schedule D as "secured," (b) on Schedule E/F as "unsecured priority," or "unsecured non-priority," or (c) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors and their estates of the legal rights of any claimant, or a waiver of the rights of the Debtors and their estates to amend these Schedules and Statements to recharacterize or reclassify any claim or contract.  The Debtors and their estates reserve the right to (i) object to, or otherwise dispute or assert setoff rights, cross-claims, counterclaims or defenses to, any claim reflected on the Schedules on any grounds, including, without limitation, amount, liability, validity, priority, or classification, or (ii) otherwise designate subsequently any claim as "disputed," "contingent," or "unliquidated."

15.     **Addresses of Employees.**   Consistent with that certain *Final Order (I) Waiving the Requirements to File a List of All Equity Holders, (II) Authorizing Redaction of Certain Personal Identification Information from the Creditor Matrix and Other Documents and Modify Notice Thereto, and (III) Granting Related Relief* [D.I. 176], the Debtors have attempted to list each of their current employees' addresses as "Available Upon Request," where reasonably possible, in order to protect the privacy of the Debtors' employees. The Debtors have served and will continue to serve all necessary notices, including notice of the claims bar date, to the actual address of each of the Debtors' employees.

16.     **Estimates.**   The Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses. The Debtors and their estates reserve all rights to amend the reported amounts of assets, liabilities, revenue, and expenses to reflect changes in those estimates and assumptions.

## SPECIFIC ADDITIONAL DISCLOSURES WITH RESPECT TO SCHEDULES

### Schedule A/B

**Item 11:** This item excludes intercompany receivables.

**Item 21:**   Inventory includes capitalized freight and overhead as well as inventory adjustments. Inventory is shown net of reductions for shrinkage, lower of cost or market, and inventory write-off reserves, as well as the unamortized portion of vendor entitlements and other credits not recorded at the SKU level.

**Item 50:**   The Debtors own certain machinery, fixtures, and equipment that are fully depreciated, have a book value of $0, and have been excluded from the Schedules.

**Item 55:**   The Debtors have made certain improvements to real estate, which have been excluded from the Schedules as they are fully depreciated, and have a book value of $0.

**Items 59-66:**   The Debtors do not have a recent valuation for the items listed in Part 10. Accordingly, the Debtors have not listed the value of such items because the values on the Debtors' books and records may not accurately reflect their value in the marketplace.

**Items 74 and 75:**   Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their respective causes of action or potential causes of action against third parties as assets in Schedule A/B, Part 11, Items 74 and 75, including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws (including, but not limited to, potential preference actions and/or fraudulent transfer action). The Debtors and their estates reserve all rights with respect to any claims and causes of action that they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims and causes of actions, or in any way waive, prejudice, impair, or otherwise affect the assertion of such claims and cause of action.

## Schedule D

Except as otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.

Except as specifically stated herein, real property lessors, utility companies, and other parties which may hold security deposits have not been listed on Schedule D.  The Debtors have not included parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

## Schedule E/F

The Debtors reserve their right to dispute or challenge whether claims owing to various taxing authorities are entitled to priority and the listing of any claim on Schedule E/F, Part 1 does not constitute an admission that such claim is entitled to priority treatment pursuant to section 507 of the Bankruptcy Code.

In certain instances, a Debtor may be a guarantor with respect to scheduled claims of other Debtors.  No claim set forth on the Schedule E/F of any Debtor is intended to acknowledge claims of creditors that may be otherwise satisfied or discharged.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves.  Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date.

The Debtors have listed their known creditors in Schedule E/F.  To the extent attorneys have entered appearances on behalf of such creditors, those appearances are noted on the docket of the Debtors' Chapter 11 Cases and are not separately listed in Item 4.

Third parties should not anticipate that the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules will reflect their ultimate recoveries in these Chapter 11 Cases.  Actual assets and liabilities may deviate from the amounts shown in the Schedules due to various events that occur throughout the duration of these Chapter 11 Cases.

## Schedule G

The business of the Debtors is complex and, while every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed

7

therein. Relationships between the Debtors and their vendors are often governed by a master services agreement, under which vendors also place work and purchase orders, which may be considered executory contracts. The Debtors believe that disclosure of all of these purchase and work orders would be impracticable and unduly burdensome. Likewise, in some cases, the same supplier or provider may appear multiple times in Schedule G.

Unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all final exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any executed agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

The Debtors and their estates hereby reserve all of their rights, claims, and causes of action to (i) dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G, (ii) dispute or challenge the characterization of the structure of any transaction, document, or instrument related to a creditor's claim, including, but not limited to, the agreements listed on Schedule G; and (iii) amend or supplement such Schedule as necessary.

## Schedule H

Due to their voluminous nature, and to avoid unnecessary duplication, the Debtors have not included on Schedule H debts for which more than one Debtor may be liable if such debts were already reflected on Schedule G for the respective Debtors subject to such debt.

## SPECIFIC ADDITIONAL DISCLOSURES WITH RESPECT TO STATEMENTS

**Question 1:** Revenue is reflected net of returns and allowances, coupons, discounts, and sales tax.

**Question 2:** Non-business revenue includes interest earned on cash holdings held in money market accounts.

**Question 4:** Certain of the Debtors' intercompany transfers are reflected through accounting entries rather than cash transfers. Accordingly, the Debtors have not listed non-cash intercompany transfers in Question 4 of the Statements.

**Question 6:** The Debtors have used their best efforts to reflect setoffs made by creditors without permission that the Debtors are aware of; however, there may be instances, including, without limitation, credits due to landlords and holdbacks made by credit card processors, where such a setoff has occurred without the Debtors' knowledge.

**Question 20:** The locations listed for off-premise storage do not include all shippers that are holding goods in-transit, including, but not limited to, goods on ships, in trucks, or in warehouses where they may be temporarily stored during the transport process.

**Question 26d:** From time to time, the Debtors provide financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing, and other reasons. Recipients may include regulatory and tax agencies, financial institutions, investment banks,

vendors, debtholders, and their legal and financial advisors.  Additionally, the Debtors contacted various parties in connection with the Debtors' efforts to market and sell their assets and raise new sources of capital.   The Debtors shared certain financial information under non-disclosure agreements to certain of those parties, who are not individually disclosed herein.

*[Remainder of Page Left Intentionally Blank]*

**Fill in this information to identify the case and this filing:**

| | |
|---|---|
| Debtor Name: | NanoString Technologies Netherlands B.V. |
| United States Bankruptcy Court for the: | DELAWARE |
| Case Number (if known): | 24-10162 |

# Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

1. **Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)**

1. **a. Real Property:**
   Copy line 88 from Schedule A/B
   
   **$240,698**

1. **b. Total personal property:**
   Copy line 91A from Schedule A/B
   
   **$1,003,775**

1. **c. Total of all property:**
   Copy line 92 from Schedule A/B
   
   **$1,244,473**

2. **Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)**
   Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D
   
   **$25,000,000**

3. **Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)**

3. **a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 6a of Schedule E/F
   
   **$46,467**

3. **b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F
   
   **$239,226,857**

4. **Total liabilities**
   Lines 2 + 3a + 3b
   
   **$264,273,324**

# Schedule A/B: Assets - Real and Personal Property

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

| General Description | Type of Account (if applicable) | Last 4 digits of account # (if applicable) | Current value of debtor's interest |
|---|---|---|---|
| **2. Cash on hand** | | | |
| 2.1 NONE | | | $0 |
| **3. Checking, savings, money market, or financial brokerage accounts (Identify all)** | | | |
| 3.1 WISE EUROPE SA | OPERATING ACCOUNT | 8469 | $45,880 |
| **4. Other cash equivalents (Identify all)** | | | |
| 4.1 NONE | | | $0 |

5. **Total of Part 1.**
   Add lines 2 through 4. Copy the total to line 80.

   **$45,880**

# Schedule A/B: Assets - Real and Personal Property

| Part 2: | Deposits and prepayments |
|---|---|

6. **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.
☑ Yes. Fill in the information below.

| General Description | Current value of debtor's interest |
|---|---|
| 7. **Deposits, including security deposits and utility deposits** <br> Description, including name of holder of deposit | |
| 7.1  TRINITY VASTGOED ADA BV - SECURITY DEPOSIT | $47,894 |
| 8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent** <br> Description, including name of holder of prepayment | |
| 8.1  PREPAID OTHER : AGILENT TECHNOLOGIES | $3,583 |
| 8.2  PREPAID OTHER: ILLUMINA NETHERLANDS BV | $2,931 |
| 8.3  PREPAID RENT: TRINITY VASTGOED ADA BV | $31,647 |
| 8.4  PREPAID INSURANCE: VLC | $28,572 |
| 9. **Total of Part 2.** <br> Add lines 7 through 8. Copy the total to line 81. | **$114,626** |

# Schedule A/B: Assets - Real and Personal Property

| Part 3: | Accounts receivable |
|---------|---------------------|

10.  **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.
☐ Yes. Fill in the information below.

| General Description | Face or requested amount | Doubtful or uncollectable | Current value of debtor's interest |
|---------------------|--------------------------|---------------------------|------------------------------------|

11.  **Accounts receivable**

12.  **Total of Part 3.**
      Current value on lines 11a + 11b = line 12. Copy the total to line 82.

# Schedule A/B: Assets - Real and Personal Property

| **Part 4:** | **Investments** |
|---|---|

13. **Does the debtor own any investments?**

☑ No. Go to Part 5.
☐ Yes. Fill in the information below.

| General Description | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
Name of entity:

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

17. **Total of Part 4.**
Add lines 14 through 16. Copy the total to line 83.

# Schedule A/B: Assets - Real and Personal Property

| Part 5: | Inventory, excluding agriculture assets - detail |
|---------|--------------------------------------------------|

18. **Does the debtor own any inventory (excluding agriculture assets)?**
    - ☑ No. Go to Part 6.
    - ☐ Yes. Fill in the information below.

| General Description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------|-------------------------------------------------------|-----------------------------------------|------------------------------------|

19. **Raw materials**

20. **Work in progress**

21. **Finished goods, including goods held for resale**

22. **Other Inventory or supplies**

23. **Total of Part 5.**
    Add lines 19 through 22. Copy the total to line 84.

24. **Is any of the property listed in Part 5 perishable?**
    - ☐ No.
    - ☐ Yes.

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
    - ☐ No.
    - ☐ Yes.

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
    - ☐ No.
    - ☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 6:**    **Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

    ☑ No. Go to Part 7.
    ☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

28. **Crops-either planted or harvested**

29. **Farm animals**

30. **Farm machinery and equipment**

31. **Farm and fishing supplies, chemicals, and feed**

32. **Other farming and fishing-related property not already listed in Part 6**

33. **Total of Part 6.**
    Add lines 28 through 32. Copy the total to line 84.

34. **Is the debtor a member of an agricultural cooperative?**

    ☐ No.
    ☐ Yes.

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

    ☐ No.
    ☐ Yes.

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

    ☐ No.
    ☐ Yes.

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

    ☐ No.
    ☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

| Part 7: | Office furniture, fixtures, and equipment; and collectibles - detail |
|---------|---------|

38.  **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.
☑ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------------------------|-----------------------------------------|-------------------------------------|

39.  **Office furniture**

| 39.1  NONE | | | |
|---|---|---|---|

40.  **Office fixtures**

| 40.1  NONE | | | |
|---|---|---|---|

41.  **Office equipment, including all computer equipment and communication systems equipment and software**

| 41.1  AUDIO VISUAL EQUIPMENT | $55,170 | NET BOOK VALUE | $55,170 |
|---|---|---|---|
| 41.2  QUANZA SERVER | $20,102 | NET BOOK VALUE | $20,102 |
| 41.3  DELL LATITUDE | $8,891 | NET BOOK VALUE | $8,891 |
| 41.4  SAMSUNG 34" LENOVA THINKPAD, HP KEYBOARD | $3,895 | NET BOOK VALUE | $3,895 |

42.  **Collectibles**

| 42.1  NONE | | | |
|---|---|---|---|

43.  **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 84.

**$88,059**

44.  **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No.
☑ Yes.

45.  **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 8:**   Machinery, equipment, and vehicles

---

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.
☑ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

47.1  NONE

48. **Watercraft, trailers, motors, and related accessories**

48.1  NONE

49. **Aircraft and accessories**

49.1  NONE

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| General Description | Net book value | Valuation method | Current value |
|---|---|---|---|
| 50.1  VWR-ULT UPRIGHT FREEZER-86C 400 BOX | $6,777 | NET BOOK VALUE | $6,777 |
| 50.2  BOND RX SYSTEM MODULE | $76,045 | NET BOOK VALUE | $76,045 |
| 50.3  ILLUMINA- NETSEQ 2000 SEQUENCING SYSTEM | $192,514 | NET BOOK VALUE | $192,514 |
| 50.4  VWR-MASTERCYCLER NEXUS 230 V EU | $10,610 | NET BOOK VALUE | $10,610 |
| 50.5  VWR-SCHILFERIJSMACHINE PRODUKT | $2,231 | NET BOOK VALUE | $2,231 |
| 50.6  AGILENT -4150 TAPE STATION INSTRUMENT | $13,585 | NET BOOK VALUE | $13,585 |
| 50.7  SI+80858 GEOMX DSP INSTRUMENT CX LAB | $55,262 | NET BOOK VALUE | $55,262 |
| 50.8  SI+80858 GEN3 SPRINT INSTRUMENT CX LAB | $45,340 | NET BOOK VALUE | $45,340 |
| 50.9  SI+80858 NCOUNTER DIGITAL ANALYZER CX LAB | $42,678 | NET BOOK VALUE | $42,678 |
| 50.10  SI+80858 NCOUNTER PREP STATION CX LAB | $21,256 | NET BOOK VALUE | $21,256 |
| 50.11  SI+81138 GEOMX DSP INSTRUMENT KIT | $3,894 | NET BOOK VALUE | $3,894 |
| 50.12  SI+82825 GEOMX DSP ANALYSIS INSTRUMENT/KIT | $60,713 | NET BOOK VALUE | $60,713 |
| 50.13  SI+81833 GEOMX DSP RNA SPRINT TRAINING KIT | $4,093 | NET BOOK VALUE | $4,093 |
| 50.14  VWR-OVEN, RAPIDFISH SLIDE HYBRIDIZAT 230V EU | $2,869 | NET BOOK VALUE | $2,869 |
| 50.15  VWR-REFRIGERATOR TP1760,VRIEZER LAB 310L | $1,933 | NET BOOK VALUE | $1,933 |
| 50.16  VWR-ALPS 50 V MANUAL HEAT SEALER | $2,818 | NET BOOK VALUE | $2,818 |
| 50.17  NCOUNTER PRO PREP STATION $ 35738.38 | $25,017 | NET BOOK VALUE | $25,017 |
| 50.18  NCOUNTER PRO DIGITAL ANALYZER $ 70755.39 | $49,529 | NET BOOK VALUE | $49,529 |
| 50.19  LEICA -BOND MAX SYSTEM MODULE | $1,346 | NET BOOK VALUE | $1,346 |

51. **Total of Part 8.**
Add lines 47 through 50. Copy the total to line 84.                                          **$618,508**

51. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No.

# Schedule A/B: Assets - Real and Personal Property

| Part 8: | Machinery, equipment, and vehicles |

☑ Yes.

52. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☑ No.

☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 9:**  Real property - detail

54. **Does the debtor own or lease any real property?**

☐ No. Go to Part 9.
☑ Yes. Fill in the information below.

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| | | | | |
|---|---|---|---|---|
| 55.1 THE ADA HEALTH & TECHNOLOGY CENTER (AHTC) BUILDING, PAASHEUVELWEG 25, 1105 BP, AMSTERDAM (BUILDING IMPROVEMENTS) | LEASED | $240,698 | NET BOOK VALUE | $240,698 |

56. **Total of Part 9.**
Add the current value on all Question 55 lines and entries from any additional sheets. Copy the total to line 88.

**$240,698**

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No.
☑ Yes.

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 10:**    Intangibles and intellectual property - detail

59.  **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.
☑ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

60.  **Patents, copyrights, trademarks, and trade secrets**

60.1  NONE

61.  **Internet domain names and websites**

61.1  NONE

62.  **Licenses, franchises, and royalties**

62.1  NONE

63.  **Customer lists, mailing lists, or other compilations**

| 63.1  CUSTOMER LIST | UNDETERMINED | | UNDETERMINED |
|---|---|---|---|

64.  **Other intangibles, or intellectual property**

64.1  NONE

65.  **Goodwill**

65.1  NONE

66.  **Total of Part 10.**
     Add lines 60 through 65. Copy the total to line 89.                    | **UNDETERMINED** |

67.  **Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?**

☐ No.
☑ Yes.

68.  **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No.
☐ Yes.

69.  **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

| Part 11: | All other assets |
|----------|------------------|

70. **Does the debtor own any other assets that have not yet been reported on this form? Include all interests in executory contracts and unexpired leases not previously reported on this form.**

    ☐ No. Go to Part 12.
    ☑ Yes. Fill in the information below.

| General Description | Current value of debtor's interest |
|---------------------|-----------------------------------|

71. **Notes receivable**

71.1  NONE

72. **Tax refunds and unused net operating losses (NOLs)**

| | |
|---|---|
| 72.1  VAT RECEIVABLE | $136,703 |

73. **Interests in insurance policies or annuities**

73.1  NONE

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

| | |
|---|---|
| 74.1  PRESIDENT AND FELLOWS OF HARVARD COLLEGE (ACT_592964/2023) - COUNTERCLAIM FOR PATENT REVOCATION | UNDETERMINED |
| 74.2  10X GENOMICS, INC. (UPC_COA_470/2023) - APPEAL AGAINST PENALTY ORDER | UNDETERMINED |
| 74.3  PRESIDENT AND FELLOWS OF HARVARD COLLEGE (UPC_COA_470/2023) - APPEAL AGAINST PENALTY ORDER | UNDETERMINED |
| 74.4  10X GENOMICS, INC. (UPC_CFI_17/2023 / ACT_586736/2023) - COST DETERMINATION FOR PRELIMINARY INJUNCTION PROCEEDING (NANOSTRING) | UNDETERMINED |
| 74.5  PRESIDENT AND FELLOWS OF HARVARD COLLEGE (UPC_CFI_17/2023 / ACT_586736/2023) - COST DETERMINATION FOR PRELIMINARY INJUNCTION PROCEEDING (NANOSTRING) | UNDETERMINED |

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1  NONE

76. **Trusts, equitable or future interests in property**

76.1  NONE

77. **Other property of any kind not already listed Examples: Season tickets, country club membership**

77.1  NONE

78. **Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90.

                                              **$136,703 + UNDETERMINED**

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

    ☑ No.
    ☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 11:** All other assets

# Schedule A/B: Assets - Real and Personal Property

**Part 12:**    **Summary**

| Type of property | Current value of personal property | Current value of real property | Total of all property |
|---|---|---|---|
| 80. Cash, cash equivalents, and financial assets. Copy line 5, Part 1. | $45,880 | | |
| 81. Deposits and prepayments. Copy line 9, Part 2. | $114,626 | | |
| 82. Accounts receivable. Copy line 12, Part 3. | $0 | | |
| 83. Investments. Copy line 17, Part 4. | $0 | | |
| 84. Inventory. Copy line 23, Part 5. | $0 | | |
| 85. Farming and fishing-related assets. Copy line 33, Part 6. | $0 | | |
| 86. Office furniture, fixtures, and equipment; and collectibles. Copy line 43, Part 7. | $88,059 | | |
| 87. Machinery, equipment, and vehicles. Copy line 51, Part 8. | $618,508 | | |
| 88. Real property. Copy line 56, Part 9. | | $240,698 | |
| 89. Intangibles and intellectual property. Copy line 66, Part 10. | UNDETERMINED | | |
| 90. All other assets. Copy line 78, Part 11. | $136,703 + UNDETERMINED | | |
| 91. Total. Add lines 80 through 90 for each column. | 91a $1,003,775 + UNDETERMINED | 91b $240,698 | |

92. **Total of all property on Schedule A/B. Lines 91a + 91b = 92.**      **$1,244,473 + UNDETERMINED**

# Schedule D: Creditors Who Have Claims Secured by Property

**Part 1:**    List Creditors Who Have Secured Claims

1. **Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
☑ Yes. Fill in the information below.

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C - U - D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|

2. **List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2.1  U.S. BANK TRUST COMPANY, N.A., 1420 5TH AVENUE, SEATTLE, WASHINGTON 98101 | ☐ | ☐ | ☑ | DATE: 11/07/2023<br>-<br>LIEN DESCRIPTION: FIRST PRIORITY SECURITY INTEREST IN SUBSTANTIALLY ALL OF THE COMPANY'S ASSETS | ☑ ☐ ☐ | $25,000,000 | UNDETERMINED |

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

**$25,000,000**

# Schedule D: Creditors Who Have Claims Secured by Property

| **Part 2:** | List Others to Be Notified for a Debt Already Listed in Part 1 |
| --- | --- |

| Name and Mailing Address | Part 1 Line on which the Related Creditor was Listed | Last 4 Digits of Account Number for this Entity |
| --- | --- | --- |

4. **List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors**

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**     List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

   ☐ No. Go to Part 2.
   ☑ Yes. Go to line 2.

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | | | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|

2. **List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2.1  AMANDA MASON, AVAILABLE UPON REQUEST | UNKNOWN ACCOUNT NO: NOT APPLICABLE | ☐ | ☐ | ☐ | ☐ | $1,705 | $1,705 |
| 2.2  DIMITRI CONTU, AVAILABLE UPON REQUEST | UNKNOWN ACCOUNT NO: NOT APPLICABLE | ☐ | ☐ | ☐ | ☐ | $2,543 | $2,543 |
| 2.3  HUGO AMOEDO MACHI, AVAILABLE UPON REQUEST | UNKNOWN ACCOUNT NO: NOT APPLICABLE | ☐ | ☐ | ☐ | ☐ | $5,708 | $5,708 |
| 2.4  LILIAN LISBOA, AVAILABLE UPON REQUEST | UNKNOWN ACCOUNT NO: NOT APPLICABLE | ☐ | ☐ | ☐ | ☐ | $1,673 | $1,673 |
| 2.5  MARIANNA MARTELLA, AVAILABLE UPON REQUEST | UNKNOWN ACCOUNT NO: NOT APPLICABLE | ☐ | ☐ | ☐ | ☐ | $8,354 | $8,354 |
| 2.6  MARIANNE WEZEMAN , AVAILABLE UPON REQUEST | UNKNOWN ACCOUNT NO: NOT APPLICABLE | ☐ | ☐ | ☐ | ☐ | $2,264 | $2,264 |
| 2.7  MATTHIEU TONNELÉ, AVAILABLE UPON REQUEST | UNKNOWN ACCOUNT NO: NOT APPLICABLE | ☐ | ☐ | ☐ | ☐ | $6,730 | $6,730 |
| 2.8  RUDY VAN EIJSDEN, AVAILABLE UPON REQUEST | UNKNOWN ACCOUNT NO: NOT APPLICABLE | ☐ | ☐ | ☐ | ☐ | $2,186 | $2,186 |
| 2.9  SANTIAGO HERNANDEZ PEREZ, AVAILABLE UPON REQUEST | UNKNOWN ACCOUNT NO: NOT APPLICABLE | ☐ | ☐ | ☐ | ☐ | $6,178 | $6,178 |
| 2.10  TRIEU MY VAN , AVAILABLE UPON REQUEST | UNKNOWN ACCOUNT NO: NOT APPLICABLE | ☐ | ☐ | ☐ | ☐ | $7,916 | $7,916 |
| 2.11  VASILEIOS KAMPANIS, AVAILABLE UPON REQUEST | UNKNOWN ACCOUNT NO: NOT APPLICABLE | ☐ | ☐ | ☐ | ☐ | $1,210 | $1,210 |

2. **Total: All Creditors with PRIORITY Unsecured Claims**      $46,467      $46,467

# Schedule E/F: Creditors Who Have Unsecured Claims

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---------|---------------------------------------------------|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | | | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|---|---|

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|---|---|
| 3.1  10X GENOMICS, INC. ET AL (CASE NO. UPC_CFI_2/2023 / APP_581687/2023), 6230 STONERIDGE MALL RD, PLEASANTON, CA 94588 | UNKNOWN ACCOUNT NO: NOT AVAILABLE | ☑ | ☑ | ☑ | LITIGATION | ☐ | UNDETERMINED |
| 3.2  10X GENOMICS, INC. ET AL (CASE NO. UPC_CFI_2/2023 / APP_671/2024), 6230 STONERIDGE MALL RD, PLEASANTON, CA 94588 | UNKNOWN ACCOUNT NO: NOT AVAILABLE | ☑ | ☑ | ☑ | LITIGATION | ☐ | UNDETERMINED |
| 3.3  10X GENOMICS, INC. ET AL (CASE NO. UPC_CFI_298/2023 / ACT_568963/2023), 6230 STONERIDGE MALL RD, PLEASANTON, CA 94588 | UNKNOWN ACCOUNT NO: NOT AVAILABLE | ☑ | ☑ | ☑ | LITIGATION | ☐ | UNDETERMINED |
| 3.4  10X GENOMICS, INC. ET AL UPC_CFI_326/2023 / ACT_573637/2023, 6230 STONERIDGE MALL RD, PLEASANTON, CA 94588 | UNKNOWN ACCOUNT NO: NOT AVAILABLE | ☑ | ☑ | ☑ | LITIGATION | ☐ | UNDETERMINED |
| 3.5  NANOSTRING TECHNOLOGIES EUROPE LIMITED, VISTRA ADMINISTRATION SERVICES, SLU, WHITEFRIARS, LEWINS MEAD, BRISTOL BS1 2NT, UNITED KINGDOM | UNKNOWN ACCOUNT NO: NOT AVAILABLE | ☐ | ☐ | ☐ | INTERCOMPANY PAYABLES | ☐ | $194,732 |
| 3.6  NANOSTRING TECHNOLOGIES, INC., 530 FAIRVIEW AVENUE NORTH, SUITE 2000, SEATTLE, WA 98109 | UNKNOWN ACCOUNT NO: NOT AVAILABLE | ☐ | ☐ | ☐ | INTERCOMPANY PAYABLES | ☐ | $503,147 |
| 3.7  PRESIDENT AND FELLOWS OF HARVARD COLLEGE (CASE NO. UPC_CFI_2/2023 / APP_581687/2023), 46 BLACKSTONE ST, CAMBRIDGE, MA 02139 | UNKNOWN ACCOUNT NO: NOT AVAILABLE | ☑ | ☑ | ☑ | LITIGATION | ☐ | UNDETERMINED |
| 3.8  PRESIDENT AND FELLOWS OF HARVARD COLLEGE (CASE NO. UPC_CFI_2/2023 / APP_671/2024), 46 BLACKSTONE ST, CAMBRIDGE, MA 02139 | UNKNOWN ACCOUNT NO: NOT AVAILABLE | ☑ | ☑ | ☑ | LITIGATION | ☐ | UNDETERMINED |
| 3.9  PRESIDENT AND FELLOWS OF HARVARD COLLEGE (CASE NO. UPC_CFI_298/2023 / ACT_568963/2023), 46 BLACKSTONE ST, CAMBRIDGE, MA 02139 | UNKNOWN ACCOUNT NO: NOT AVAILABLE | ☑ | ☑ | ☑ | LITIGATION | ☐ | UNDETERMINED |
| 3.10  PRESIDENT AND FELLOWS OF HARVARD COLLEGE UPC_CFI_326/2023 / ACT_573637/2023, 46 BLACKSTONE ST, CAMBRIDGE, MA 02139 | UNKNOWN ACCOUNT NO: NOT AVAILABLE | ☑ | ☑ | ☑ | LITIGATION | ☐ | UNDETERMINED |
| 3.11  U.S. BANK TRUST COMPANY, N.A., 1420 5TH AVENUE, SEATTLE, WASHINGTON 98101 | UNKNOWN ACCOUNT NO: NOT AVAILABLE | ☑ | ☐ | ☐ | 6.95% SENIOR NOTES DUE 2026 | ☐ | $238,528,978 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**     List All Creditors with NONPRIORITY Unsecured Claims

3. **Total: All Creditors with NONPRIORITY Unsecured Claims**

**$239,226,857 + UNDETERMINED**

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 3:**    List Others to Be Notified About Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number for this entity |
|---|---|---|

3. **List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

### 2.625% Convertible Senior Notes due 2025

| | | |
|---|---|---|
| 3.1   ROPES & GRAY LLP, 1211 AVENUE OF THE AMERICAS, NEW YORK, NEW YORK 10036 | DELAWARE TRUST COMPANY | |

### 6.95% Senior Notes due 2026

| | | |
|---|---|---|
| 3.2   DORSEY & WHITNEY (DELAWARE) LLP, 300 DELAWARE AVENUE, SUITE 1010, WILMINGTON, DE 19801 | U.S. BANK TRUST COMPANY, N.A. | |
| 3.3   SHIPMAN & GOODWIN LLP, ONE CONSTITUTION PLAZA, HARTFORD, CT 06103 | U.S. BANK TRUST COMPANY, N.A. | |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 4:** **Total Amounts of the Priority and Nonpriority Unsecured Claims**

5. **Add the amounts of priority and nonpriority unsecured claims.**

5. **a. Total claims from Part 1**

$46,467

5. **b. Total claims from Part 2**

$239,226,857

5. **c. Total of Parts 1 and 2**
Lines 5a + 5b = 5c.

$239,273,324

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|

2. **List all contracts and unexpired leases**

| | | | | | |
|---|---|---|---|---|---|
| 2.1 | 2022-3-15 IT PERIPHERALS | | ☐ | UNISCAPE B.V. | LOUIS BRAILLELAAN 80, ZOETERMEER |
| 2.2 | 2021-11-24 LEASE AGREEMENT | | ☐ | TRINITY VASTGOED ADA B.V. | BARBARA STROZZILAAN 101 (1083 HN), AMSTERDAM, NETHERLANDS |
| 2.3 | 2019-9-2 LEASE AGREEMENT | | ☐ | RHENUS AIR & OCEAN B.V | FOLKSTONEWEG 202, SCHIPHOL, 1118LN |

**Total number of contracts**  **3**

# Schedule H: Codebtors

**Part 1:**

1. **Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | Codebtor Name and Mailing Address | Creditor Name | D | E/F | G |
|---|---|---|---|---|---|
| 2.1 | NANOSTRING TECHNOLOGIES GERMANY GMBH PRIELMAYESTR. 3, MUNCHEN, 80335, GERMANY | U.S. BANK TRUST COMPANY, NA | ☑ | ☑ | ☐ |
| 2.2 | NANOSTRING TECHNOLOGIES GERMANY GMBH PRIELMAYESTR. 3, MUNCHEN, 80335, GERMANY | PRESIDENT AND FELLOWS OF HARVARD COLLEGE | ☐ | ☑ | ☐ |
| 2.3 | NANOSTRING TECHNOLOGIES GERMANY GMBH PRIELMAYESTR. 3, MUNCHEN, 80335, GERMANY | 10X GENOMICS, INC. ET AL | ☐ | ☑ | ☐ |
| 2.4 | NANOSTRING TECHNOLOGIES INTERNATIONAL, INC. 530 FAIRVIEW AVENUE NORTH, SUITE 2000, SEATTLE, WASHINGTON , 98109, USA | U.S. BANK TRUST COMPANY, NA | ☑ | ☑ | ☐ |
| 2.5 | NANOSTRING TECHNOLOGIES, INC. 530 FAIRVIEW AVENUE NORTH, SUITE 2000, SEATTLE, WASHINGTON , 98109, USA | U.S. BANK TRUST COMPANY, NA | ☑ | ☑ | ☐ |
| 2.6 | NANOSTRING TECHNOLOGIES, INC. 530 FAIRVIEW AVENUE NORTH, SUITE 2000, SEATTLE, WASHINGTON , 98109, USA | PRESIDENT AND FELLOWS OF HARVARD COLLEGE | ☐ | ☑ | ☐ |
| 2.7 | NANOSTRING TECHNOLOGIES, INC. 530 FAIRVIEW AVENUE NORTH, SUITE 2000, SEATTLE, WASHINGTON , 98109, USA | 10X GENOMICS, INC. ET AL | ☐ | ☑ | ☐ |

**Total Number of Co-Debtor / Creditor Rows**    | 7 |

**Fill in this information to identify the case and this filing:**

| | |
|---|---|
| Debtor Name: | NanoString Technologies Netherlands B.V. |
| United States Bankruptcy Court for the: | DELAWARE |
| Case Number (if known): | 24-10162 |

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**Warning -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571**

## Declaration and Signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)
- ☑ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☑ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☑ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☑ Schedule H: Codebtors (Official Form (206H)
- ☑ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on:** 4/1/2024

**Signature:** /s/ Kenneth Thomas Bailey

Kenneth Thomas Bailey, Chief Financial Officer

**Name and Title**